O’Neall, J.
dissenting. In these cases I do not think the ' plaintiff was entitled to costs. The decree is for $10. That is a sum less than under the Act will carry costs.
*256 The notion, that we are to presume that this decree was given for $10 after allowing a discount in favor of the defendants, is to me new. I have always thought that a record is to be judged of by inspection. Whatever is found in it is regarded as thereby verified. A matter not appearing is regarded as non-existing.
There is no discount on file — -there is' nothing in the Judge’s decree which shews there was a discount. It is true, the defence was that the horse, the consideration of the note, was blind; — that was a total failure, if indeed it was, at all, a failure of consideration. There was no necessity to give notice of a discount to let in such a defence. 1 know that in Farrow v. Mays it was ruled that a partial failure of consideration could only be given in evidence under a discount. For many years that decision was closely followed. But for the last twenty, I have rarely heard of a discount in such a defence. The party generally alleges a total failure, and proves what he can, under the general issue, and a verdict is found, in the whole, or in part, as the facts seem to justify. It may be added, how can this plaintiff be entitled to costs, if the principles ruled in Owens v. Curry be correct 1 Here the plaintiff has only recovered $10; — there he recovered $18. In that case he is non-suited. In this he is allowed costs. Both ought to be judged by the records. There is a discount in neither.
Withers, J. — concurred.

Motion refused.